Dear Mr. Aulds:
This office is in receipt of your opinion request, which has been assigned to me for review. You request an opinion regarding the legality of an action recently taken by the Board of Aldermen in the town of Marion, wherein the Board approved the issuance of "Class A" licenses for the sale and consumption of low alcoholic beverages.
From the information furnished by you, a local option election was held in Marion on September 11, 1982. The following propositions were submitted, with the resulting votes:
PROPOSITION I
 Shall the sale of beverages of low alcoholic content containing more than 3 2/10% alcohol by weight and not more than 6% alcohol by volume be permitted?
YES 243 NO 182
PROPOSITION II
 Shall the sale of beverages containing more than 1/2 of 1% alcohol by volume, but not more than 3 2/10% alcohol by weight be permitted?
YES 236 NO 179
PROPOSITION III
 Shall the sale of beverages of high alcoholic content containing more than 6% alcohol by volume for consumption on the premises by permitted?
YES 178 NO 236
PROPOSITION IV
 Shall the sale of beverages of high alcoholic content containing more than 6% alcohol by volume be permitted by package only and not for consumption on the premises?
YES 238 NO 182
Beverages of low alcoholic content are defined by statute as "alcoholic beverages containing not more than six percent alcohol by volume". LSA-R.S. 26:241(1)(a). It appears from the information provided that Proposition I and Proposition II in fact passed, allowing the sale of low alcoholic beverages. The language of neither Proposition I or II distinguishes between the sale of alcoholic beverages for consumption on the premises and the sale of such beverages by package only; we are of the opinion that the language encompasses both of the aforementioned.
Under LSA-R.S. 26:271, there are different categories of permits required of retailers that sell beverages of low alcoholic content. A "Class A" retailer's permit authorizes the sale for consumption on or off the premises, while the "Class B" permit only authorizes the sale in sealed containers prepared for transportation and consumption off the premises. Further, state law recognizes that municipalities may issue and require local permits similar to those permits issued by the state. LSA-R.S. 26:274.
Operation without the proper permit or permits is prohibited. LSA-R.S. 26:275 provides, in pertinent part:
 "No person shall do any act for which a permit is required by this Chapter or by local authorities acting hereunder unless he holds the proper state and local permits. No local permit shall be necessary unless the local governing authority has adopted an ordinance requiring a local permit. . . ." (Emphasis added).
This office is of the opinion that the Board of Aldermen of Marion acted in accordance with law. Passage of an ordinance requiring a retail dealer to obtain a local "Class A" permit, and to provide for a fee in connection with the issuance of the permit, is sanctioned by the results of the local option election and current statutory law. LSA-R.S. 26:274 and 26:275.
You also inquire whether or not the Board may legally "recess" a regularly scheduled town meeting for nine days. A Lawrason Act municipality, such as the town of Marion, is required by statute to hold regular meetings on a monthly basis. LSA-R.S. 33:405(A)(2). LSA-R.S. 33:405(F) addresses your specific question and provides:
 "A meeting, whether regular, special, or emergency, may be continued to another date announced at the meeting with the consent of a majority of the members of the board. A regular, special, or emergency meeting that fails for want of a quorum may be continued to a date announced at that meeting with the consent of the majority of aldermen present or, if only one alderman is present, the date he announces, but a meeting that fails for want of a quorum shall not be continued but once."
In answer to your question, it is permissible to continue a meeting to another date where a majority of the members of the board agree to do so. If a quorum is not present (a quorum being a majority of the members of the board), the meeting may be continued only once.
We hope the foregoing is sufficiently responsive to your inquiries. If we can be of further assistance, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0220E